UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DASHON HINES, | |
| Plaintiff, | CIVIL ACTION NO. 4:22-cv-01218 |
| v. | (MARIANI, J.) |
| | (SAPORITO, M.J.) |
| SHANER HOTELS, | |
| Defendant. | |

**REPORT AND RECOMMENDATION**

This is a *pro se* Title VII employment discrimination and retaliation case. *See generally Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244–46 (3d Cir. 2013) (discussing a federal court's obligation to liberally construe the filings of *pro se* litigants). The plaintiff, Dashon Hines, has filed a *pro se* complaint, handwritten on a pre-printed form. (Doc. 1.) The complaint names a single defendant, his former employer, Shaner Hotels.

The *pro se* complaint explicitly references Title VII, but it alleges few facts. The complaint alleges that, on July 13, 2022, Hines "call[ed] 911 on a co-worker[,] 'Aubrie[,]' for immediate assistance." The defendant, Shaner Hotels, placed Hines on suspension from work that same day. One week later, on July 20, 2022, the defendant terminated

Hines for "calling 911 on a co-worker." No other facts are alleged.[1] For relief, Hines seeks $1 million in damages.

The plaintiff has been granted leave to proceed *in forma pauperis* in this action. A plaintiff proceeding *in forma pauperis* is subject to 28 U.S.C. § 1915(e)(2), which provides that a court "shall dismiss the case at any time if the court determines that . . . the action . . . fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2)(B)(ii). "The legal standard for dismissing a complaint for failure to state a claim under § 1915(e)(2) is the same as that for dismissing a complaint pursuant to Fed. R. Civ. P. 12(b)(6)." *Brodzki v. Tribune Co.*, 481 Fed. App'x 705, 706 (3d Cir. 2012) (per curiam). Rule 12(b)(6), in turn, authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). "Under Rule 12(b)(6), a motion to dismiss may be granted only if, accepting all well-pleaded allegations in the complaint as true and viewing them in the

---

[1] The complaint references a related municipal police complaint by number, but that document is not attached as an exhibit. It also references a formal termination letter received by Hines, dated July 20, 2022, which is attached to the complaint as an exhibit. The letter, however, sheds no additional light on the circumstances that led to the plaintiff's termination.

light most favorable to the plaintiff, a court finds the plaintiff's claims lack facial plausibility." *Warren Gen. Hosp. v. Amgen, Inc.*, 643 F.3d 77, 84 (3d Cir. 2011) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555–56 (2007)). Although the Court must accept the well-pleaded allegations in the complaint as true, it is not compelled to accept "unsupported conclusions and unwarranted inferences, or a legal conclusion couched as a factual allegation." *Morrow v. Balaski*, 719 F.3d 160, 165 (3d Cir. 2013) (quoting *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). In deciding a Rule 12(b)(6) motion, the Court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

As recently summarized by the Supreme Court of the United States:

> Title VII of the Civil Rights Act of 1964, 78 Stat. 241, 42 U.S.C. § 2000e *et seq.*, sets out a detailed, multi-step procedure through which the [Equal Employment Opportunity Commission ("EEOC" or "Commission")] enforces the statute's prohibition on employment discrimination. The process generally starts when "a person claiming to be aggrieved" files a charge of an unlawful workplace practice with the EEOC. § 2000e-

>  5(b). At that point, the EEOC notifies the employer of the complaint and undertakes an investigation. *See ibid.* If the Commission finds no "reasonable cause" to think that the allegation has merit, it dismisses the charge and notifies the parties. *Ibid.* The complainant may then pursue her own lawsuit if she chooses. *See* § 2000e-5(f)(1).

*Mach Mining, LLC v. E.E.O.C.*, 135 S. Ct. 1645, 1649 (2015).

"A [Title VII] complaint does not state a claim upon which relief may be granted unless it asserts the satisfaction of the precondition to suit specified by Title VII: prior submission of the claim to the EEOC (or a state conciliation agency) for conciliation or resolution." *Hornsby v. U.S. Postal Serv.*, 787 F.2d 87, 90 (3d Cir. 1986); *see also Watson v. Eastman Kodak Co.*, 235 F.3d 851, 854 (3d Cir. 2000) ("Under Title VII . . . , plaintiffs residing in states having an agency authorized to grant relief for federally prohibited employment discrimination must resort to that state remedy before they will be allowed to access federal judicial relief. Such states are termed 'deferral' states.") (citations omitted); *Shields v. NYC Health & Hosps. Corp.*, 489 F. Supp. 3d 155, 161 (E.D.N.Y. 2020) ("Because New York is a so-called deferral state with a fair employment agency, an employment discrimination claim under Title VII . . . must be filed with the EEOC [or the New York State Division of Human Rights

("DHR")] within 300 days of the alleged discrimination.").[2] "[A] plaintiff is not obligated to plead exhaustion of administrative remedies with particularity, but may instead allege in general terms that the required administrative process has been completed." *Hildebrand v. Allegheny Cty.*, 757 F.3d 99, 102 (3d Cir. 2014); *see also id.* at 111–12 (discussing pleading standard for this condition precedent); Fed. R. Civ. P. 9(c) ("In pleading conditions precedent, it suffices to allege generally that all conditions precedent have occurred or been performed.").

Here, the complaint fails to allege exhaustion of administrative remedies, generally or otherwise. Hines has not alleged that he filed a charge of discrimination or retaliation with the EEOC or DHR, nor that he received a "right-to-sue" letter from the EEOC or DHR upon completion of its investigation. *See Mach Mining*, 135 S. Ct. at 1651 ("[A]n employee must obtain a right-to-sue letter before bringing suit—and a court will typically insist on satisfaction of that condition."). Absent any allegation that Hines filed a claim of employment discrimination or

---

[2] We note that Hines is a resident of Buffalo, New York, where he also worked at a hotel operated by the defendant. Shaner Hotels, meanwhile, apparently maintains its business offices in State College, Pennsylvania, which is located within this federal judicial district.

retaliation with the EEOC or DHR, and that he was ultimately issued a right-to-sue letter by the investigating agency, his complaint fails to state a claim upon which relief can be granted.

Moreover, the sparse facts of the *pro se* complaint fail to plausibly allege the substantive elements of either a discrimination or a retaliation claim under Title VII. *See Moody v. Atl. City Bd. of Educ.*, 870 F.3d 206, 220 (3d Cir. 2017) ("To establish a prima facie case of retaliation under Title VII, a plaintiff must show (1) that she engaged in protected employee activity; (2) adverse action by the employer either after or contemporaneous with the employee's protected activity; and (3) a causal connection between the employee's protected activity and the employer's adverse action."); *Rorke v. Toyota*, 399 F. Supp. 3d 258, 276 (M.D. Pa. 2019) ("The prima facie elements of gender discrimination are four-fold: (1) she is a member of a protected class; (2) she was qualified for the position; (3) she suffered an adverse employment action; (4) the adverse employment action occurred under circumstances that give rise to an inference of unlawful discrimination.").

Accordingly, we recommend that this action be dismissed for failure to state a claim upon which relief can be granted, pursuant to 28 U.S.C.

§ 1915(e)(2)(B)(ii). Moreover, we recommend that the action be dismissed *without* leave to amend. We previously brought these pleading defects to the plaintiff's attention and gave him the opportunity to cure them by filing an amended complaint. (*See* Doc. 7.) But the plaintiff has failed to do so. Under these circumstances, granting further leave to amend would be futile. *See generally Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002).

Dated: November 8, 2022     ***s/Joseph F. Saporito, Jr.***
                            JOSEPH F. SAPORITO, JR.
                            United States Magistrate Judge

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| DASHON HINES, | |
| Plaintiff, | CIVIL ACTION NO. 4:22-cv-01218 |
| v. | (MARIANI, J.)<br>(SAPORITO, M.J.) |
| SHANER HOTELS, | |
| Defendant. | |

## NOTICE

NOTICE IS HEREBY GIVEN that the undersigned has entered the foregoing Report and Recommendation dated November 8, 2022. Any party may obtain a review of the Report and Recommendation pursuant to Local Rule 72.3, which provides:

> Any party may object to a magistrate judge's proposed findings, recommendations or report addressing a motion or matter described in 28 U.S.C. § 636(b)(1)(B) or making a recommendation for the disposition of a prisoner case or a habeas corpus petition within fourteen (14) days after being served with a copy thereof. Such party shall file with the clerk of court, and serve on the magistrate judge and all parties, written objections which shall specifically identify the portions of the proposed findings, recommendations or report to which objection is made and the basis for such objections. The briefing requirements set forth in Local Rule 72.2 shall apply. A judge shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which

objection is made and may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. The judge, however, need conduct a new hearing only in his or her discretion or where required by law, and may consider the record developed before the magistrate judge, making his or her own determination on the basis of that record. The judge may also receive further evidence, recall witnesses or recommit the matter to the magistrate judge with instructions.

Failure to file timely objections to the foregoing Report and Recommendation may constitute a waiver of any appellate rights.

Dated: November 8, 2022   *s/Joseph F. Saporito, Jr.*
JOSEPH F. SAPORITO, JR.
United States Magistrate Judge