THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

DASHON HINES,

    Plaintiff,

    v.

SHANER HOTELS,

    Defendant.

4:22-CV-1218
(JUDGE MARIANI)
(Magistrate Judge Saporito)

## ORDER

AND NOW, THIS ___6th___ DAY OF DECEMBER, 2022, upon *de novo* review of Magistrate Judge Joseph Saporito's Report and Recommendation ("R&R") (Doc. 9), **IT IS HEREBY ORDERED THAT:**

1. Plaintiff's Objections (Doc. 10) are **OVERRULED**.[1]

---

[1] If a party timely and properly files a written objection to a Magistrate Judge's Report and Recommendation, the District Court "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also, Brown v. Astrue*, 649 F.3d 193, 195 (3d Cir. 2011); M.D. Pa. Local Rule 72.3. Here, while Plaintiff's Objections were timely filed, he has only made generalized objections to the entire R&R and has failed to identify any specific portions of the R&R or proposed findings to which he objects. Nonetheless, even applying a *de novo* standard of review, Plaintiff's vague Objections are without merit. Plaintiff's Objections state that he objects to the R&R "in its entirety" and argue, in cursory fashion, that he has "made sufficient allegations before this Court" and that "the futility exception waived the need to exhaust remedies before any administrative body." (*See* Doc. 10). With respect to his first objection, upon review of Plaintiff's Complaint, the Court agrees with Judge Saporito that "the sparse facts of the *pro se* complaint fail to plausibly allege the substantive elements of either a discrimination or a retaliation claims under Title VII" (Doc. 9, at 6). The brief factual allegations set forth in the Complaint in support of Plaintiff's claim, to wit, that he was suspended "for calling 911 on a co-worker" and was then fired one week later because he called 911 on his co-worker (*see* Doc. 1, at 1-2), are insufficient to support his Title VII claim(s) and Plaintiff's Objections fail to provide any legal or factual support to alter this Court's conclusion. Plaintiff's second Objection, that he does not need to exhaust his administrative remedies because of a "futility exception" is equally without merit. "In order to invoke the futility exception to exhaustion, a party must 'provide a clear and positive showing' of futility before the District Court." *Wilson v. MVM, Inc.*, 475 F.3d

2. The R&R (Doc. 9) is **ADOPTED** for the reasons set forth therein.

3. Plaintiff's Complaint (Doc. 1) is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii), without leave to amend.

4. The Clerk of Court is directed to **CLOSE** this case.

                                          */s/ Robert D. Mariani*
                                      Robert D. Mariani
                                      United States District Judge

---

166, 175 (3d Cir. 2007) (citing *D'Amico v. CBS Corp.*, 297 F.3d, 287, 293 (3d Cir. 2002). Here, Plaintiff Hines does not dispute that he did not exhaust, or even attempt to exhaust, his administrative remedies or provide this Court with any basis to demonstrate that exhaustion would have been futile.